UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff(s),

v.

DERIC WILLOUGHBY,

    Defendant(s).
_____/

Case No. 05-81123

Honorable Nancy G. Edmunds

# OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SPECIFIC PERFORMANCE OF GUILTY PLEA AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. RULE 11(E)

Defendant Deric Willoughby was indicted on five counts: conspiracy to engage in crimes against the United States, 18 U.S.C. § 371; two counts of sexual trafficking of children, aiding and abetting, 18 U.S.C. §§ 1591, 2; and two counts of interstate transportation of minors for prostitution, aiding and abetting, 18 §§ U.S.C. 2423(a), 2. Defendant plead guilty to two counts pursuant to a Rule 11 agreement with the government. Defendant claims he is entitled to specific performance of the plea agreement, which suggested a sentence of 70-87 months. This matter comes before the Court on Defendant's motion for specific performance of guilty plea and plea agreement pursuant to Fed. R. Crim. P. Rule 11(e).[1] For the reasons stated below, Defendant's motion is DENIED.

---

[1] In 2002, Fed. R. Crim. P. 11 was amended. The former Rule 11(e)(1)(C) is now Rule11(c)(1)(C). Defendant appears inadvertently to have referenced Rule 11(e) instead of Rule 11(c). Accordingly, the Court will address the motion under Rule 11(c).

**I. Facts**

On December 13, 2005, Defendant and three other individuals (Jennifer Huskey, Brandy Shope, and Richard Lamar Gordon) were indicted on five counts for allegedly forcing two minor girls into prostitution. A first superseding information was filed on August 15, 2006, to add a sixth count: criminal forfeiture, 18 U.S.C. § 1594.

On August 28, 2006, Defendant entered into a Rule 11 agreement with the government. Under the agreement, Defendant plead guilty to Count I (18 U.S.C. § 371) and to Count IV (18 U.S.C. § 2423(a)). The government agreed to dismiss Counts II, III, and V. The agreement required the Court to "consider the sentencing guideline range," which the agreement calculated as 70-87 months. The agreement also provided that both parties could withdraw from the plea "if the Court decides to impose a sentence higher than the maximum allowed by Part 3." The Court accepted Defendant's guilty plea and took the Rule 11 agreement under advisement, pending review of the presentence report ("PSR"). At the plea hearing, the government stated the terms of the plea agreement and made clear that the Court was not bound by the agreement's guideline recommendation:

> *[I]f* the sentence imposed does not exceed the maximum allowed by part three of the agreement, the Defendant waives any right that he has to appeal his conviction or sentence. *If* the sentence imposed is within the guideline range determined by paragraph 2B, the government agrees not to appeal the sentence . . . .

(emphasis added). Additionally, the Court explained to Defendant that the PSR "is the beginning of my analysis of what a reasonable sentence would be in this case."

In October 2006, the Probation Department prepared the PSR. The PSR used several cross-references that increased Defendant's total offense level from 27 to 43. As a result, the PSR recommended a guideline range of life imprisonment. Defendant

2

objected to this reccomendation. At a pretrial conference on December 11, 2006, co-defendant's counsel asked the Court to defer ruling on the Rule 11 agreement until it had ruled on Defendant's objections to the PSR. Counsel suggested that the victims should testify so that the Court could determine whether the cross-references used in the PSR were properly applicable.

The Court scheduled the matter for a pretrial conference on February 15, 2007. The day before the pretrial, the government filed a letter brief that asked the Court to accept or reject the Rule 11 agreement based solely on the information contained in the PSR, and to defer ruling on Defendant's objections to the PSR until sentencing. The next day, the Court denied the government's request and stated that it would hold an evidentiary hearing on Defendant's objections to the PSR.

At a status conference on March 15, 2007, the Court addressed the applicability of the sentencing cross-references used in the PSR. The Court stated, "the defendants are entitled to have that determined before I decide whether or not I will accept the Rule 11 agreement." The government stated that because of the Rule 11 agreement, it was unable to put the victims on the stand to establish the facts necessary to justify the cross-references. Based on the government's position, and on the inconsistency of the victims' statements that were already in the record, the Court chose not to require the government to prove that the cross-references applied. Specifically, the Court stated, "[I]t's not clear to me that the government could prove force or coercion by preponderance of the evidence or by any other standard for that matter, and I'll accept the Rule 11 and we'll proceed to sentencing on that basis."

The Court scheduled Defendant's sentencing for April 17, 2007. On March 28, 2007, the Court vacated its acceptance of the Rule 11 agreement and ordered an evidentiary hearing on Defendant's objections to the PSR for April 17, 2007. On April 12, 2007, the government submitted a sentencing memorandum which provided:

> If the court accepts the Rule 11 advisory guideline range, than a the [sic] government contends that a sentence at the top of the range is appropriate. If the court does not accept the Rule 11 advisory guideline range, but the range calculated by Probation, then the defendant has the right to withdraw from his guilty plea pursuant to Paragraph 6 of the Rule 11 Agreement.

All told, the government's memorandum referred to the agreement's "advisory" sentencing guideline range a total of eleven times in eleven pages.

On April 17, 2007, two of Defendant's co-defendants were sentenced.[2] Defendant's sentencing was adjourned until June 26, 2007. Defendant was not sentenced on that date, and a status conference was scheduled for August 16, 2007. That day, Defendant was permitted to withdraw his guilty plea, and the matter was set for trial. This matter is now before the Court on Defendant's motion for specific performance of the Rule 11 agreement.

## II. Analysis

### A. Fed. R. Crim. P. 11

Fed. R. Crim. P. 11(c)(1) provides for three types of plea agreements.[3] Rule 11(c)(1)(B) allows the government to recommend to the court a non-binding sentencing

---

[2]The third co-defendant, Richard Lamar Gordon, plead guilty on October 18, 2007. Sentencing is scheduled for January 24, 2008.

[3]Because the plea agreement in this case was entered into after the 2002 amendment to Rule 11 took effect, the Court will refer to the current codification, even when discussing pre-amendment precedents, for ease of reference.

4

range. Rule 11(c)(1)(C) establishes that a plea agreement may set forth a sentencing range that is binding on the court once the court accepts the plea agreement.[4] *See also United States v. Peveler*, 359 F.3d 369, 377 (6th Cir. 2004)("[U]pon accepting the Rule [11(c)(1)(C)] agreement, the district court bound itself to the government's end of the guideline range. . . . Once the district court chose to accept the agreement . . . the court was required to follow its provisions.") At the outset, then, the Court must determine under which provision Defendant's plea agreement falls. Defendant claims (without argument or explanation) that the agreement is governed by 11(c)(1)(C). For the reasons discussed below, the Court determines that the agreement is governed by 11(c)(1)(B). As a result, the guideline recommendation in the plea agreement is not binding on the Court.

In *United States v. Davidson*, 409 F.3d 304 (6th Cir. 2005), the court addressed which provision of Rule 11 governed an ambiguous plea agreement. The court affirmed the district court's ruling that the plea agreement fell under Rule 11(c)(1)(B), which does not bind the district court. *Id.* at 311. To make its determination, the court considered a number of factors. First, the court looked at statements made during the plea hearing that

---

[4]Rule 11(c)(1) provides: An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will: . . .
    (B) recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request does not bind the court); or
    (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

5

suggested the parties and the district court understood the agreement to contain "a recommendation pursuant to Rule 11(c)(1)(B), which does not bind the district court." *Id.* The court also discussed Rule 11(c)(4), which requires the district court to "inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment." *Id.* No such statement was made to the defendant in that case. Based on these and other factors, the court concluded that the plea agreement was entered under Rule 11(c)(1)(B). *Id.*

Here, similarly, statements made during the plea hearing suggested the Court and the parties understood the sentencing range in the plea agreement to be a non-binding recommendation. The government stated:

> *[I]f* the sentence imposed does not exceed the maximum allowed by part three of the agreement, the Defendant waives any right that he has to appeal his conviction or sentence. *If* the sentence imposed is within the guideline range determined by paragraph 2B, the government agrees not to appeal the sentence . . . .

Defense counsel was asked by the Court if he had anything to add, and he replied, "No, your honor." The record thus establishes that both parties to the plea agreement contemplated a sentence by the Court that exceeded the range recommended in the agreement. Additionally, the Court instructed Defendant that the PSR "is the beginning of my analysis of what a reasonable sentence would be in this case." This illustrates that the Court did not believe it was bound by the advisory guideline range in the agreement, but needed to consider the PSR to determine an appropriate sentence.

In addition to statements made at the plea hearing, both parties have submitted written material that confirms the plea agreement's advisory nature. In a sentencing memorandum, the government stated: "If the court does not accept the Rule 11 advisory

6

guideline range, but the range calculated by Probation, then the defendant has the right to withdraw from his guilty plea pursuant to Paragraph 6 of the Rule 11 Agreement." The government also repeatedly referred to the "advisory" nature of the agreement's guideline range. Likewise, Defendant's motion for specific performance references the plea agreement's "recommended sentence."

Moreover, when the Court accepted Defendant's guilty plea, it did not inform Defendant that the "agreed disposition" would be contained in the judgment, which Rule 11(c)(4) requires for binding plea agreements entered into under 11(c)(1)(C). Nonetheless, counsel for both parties agreed that the Court had complied with all provisions of the Rule 11 agreement. Similarly, the Court did not follow Rule 11(c)(4) at the March 15, 2007 hearing where the Court accepted the Rule 11 agreement; neither party objected.[5] As the *Davidson* court recognized, this suggests that the agreement was non-binding under 11(c)(1)(B).

Finally, the Court notes that the language of the Rule 11 agreement itself contemplated a sentence outside of the suggested range. Although the plea agreement made one reference to 11(c)(1)(C), it also stated: "Defendant may withdraw from this agreement, and may withdraw his guilty plea, *if the Court decides to impose a sentence higher than the maximum allowed by Part 3.*" (emphasis added).

---

[5]At the March 15 hearing, the Court stated "I'll accept the Rule 11 and we'll proceed to sentencing on that basis." This statement must be viewed in the context of the hearing, the purpose of which was to address Defendant's objections to the PSR. The Court's intent was to relieve the government from having to prove the cross-references used in the PSR's guideline calculation. Essentially, the Court rejected the PSR's proposed sentence of life imprisonment; the Court did *not* bind itself to the advisory guideline range found in the plea agreement.

7

Accordingly, based on the parties' statements, on the Court's expressed opinion that the guideline range in the agreement was not binding, and on the fact that the dictates of Rule 11(c)(4) were not followed (without objection from either party), the Court concludes that the Rule 11 plea agreement in this case was entered into under Rule 11(c)(1)(B). As a result, the recommended guideline range in the agreement is not binding on the Court.

**B. Relief Sought**

Defendant requests specific performance of the "Rule 11(e)(1)(C) [sic] agreement accepted by the Court on March 15, 2007." However, because the Court has determined that the agreement provides only an advisory guideline range, the Court cannot grant specific performance. The Court is willing to accept the Rule 11 agreement under 11(c)(1)(B), which is not binding on the Court, or to allow Defendant to withdraw from the agreement and proceed to trial.[6]

**III. Conclusion**

For the reasons discussed above, Defendant's motion for specific performance is DENIED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 23, 2007

---

[6] The Court's willingness to accept the Rule 11 agreement moots Defendant's argument that the Court cannot vacate its previous acceptance of the agreement.

8

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 23, 2007, by electronic and/or ordinary mail.

                                        s/Carol A. Hemeyer
                                        Case Manager